**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 3:81-38 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Darwin Ray Battle-Bey, | |
| Defendant. | |

Andrew M. Mohring, Office of the Federal Defender, counsel for Defendant.

Charles J. Kovats, Jr. and Katharine T. Buzicky, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

**INTRODUCTION**

This matter is before the Court upon Defendant Darwin Ray Battle-Bey's ("Battle-Bey'") self-styled motion for release.[1] (Doc. No. 1 ("Motion)").) For the reasons set forth below, the Court respectfully denies Battle-Bey's Motion.

---

[1] On May 26, 2020, Battle-Bey sent a *pro se* letter to the Court requesting compassionate release pursuant to 18 U.S.C. § 3582(a) or release to home confinement. (Motion.) Battle-Bey was appointed counsel on July 8, 2020. (Doc. Nos. 4, 5.) On July 28, 2020, Battle-Bey's attorney filed a memorandum in support of a reduction or modification of Battle-Bey's sentence on the theory that Battle-Bey's Request should be construed pursuant to the version of Rule 35 of Federal Rules of Criminal Procedure that was effective for offense conduct occurring prior to November 1, 1987 ("Old F.R.Cr.P.35"). (Doc. No. 8 ("Def. Memo."); *see also* Doc. No. 10 ("Def. App.") at 8-9 ("Old F.R.Cr.P.35").) The Government opposed any basis for release on August 6, 2020. (Doc. No. 15 ("Govt. Opp.").) Battle Bey's counsel filed a reply on August 12, 2020. (Doc. No. 17 ("Reply").) The Court carefully considered each submission prior to reaching its conclusion.

## BACKGROUND

On June 5, 1981, Battle-Bey pled guilty to one count of aiding and abetting in an armed bank robbery in violation of 18 U.S.C. 2113(a), (d) and 2 ("Count I"), and one count of aiding and abetting in the use of force and violence to rob a bank in violation 18 U.S.C. 2113 (a) and 2 ("Count 2"). (Def. App. at 33-43 ("PSR").) On July 29, 1981, Battle-Bey was sentenced to 12 years' imprisonment on each count with the sentences to run concurrently.[2] (Def. App. at 32.) After serving approximately 9 years, Battle-Bey was released to parole on July 30, 1990.[3] (Letter at 1.)

---

[2]  Battle-Bey was originally prosecuted under the name Darwin Ray Battle. (*See* Def. App. at 32.)

[3]  It appears that Battle-Bey was released under the terms of the old federal parole system, enacted under Pub. L. 94-233 (1976) and formerly codified at 18 U.S.C. §§ 4201-4218 (Old §§ 4201-4218). (*See* Def. App. at 50-51 ("Old §§ 4201-4218").) While Old §§ 4201-4218 was repealed by the Sentencing Reform Act ("SRA"), its provisions still apply to federal convictions stemming from offense conduct that occurred prior to the SRA effective date of November 1, 1987. 18 U.S.C. § 4205 ("EFFECTIVE DATE OF REPEAL; CHAPTER TO REMAIN IN EFFECT FOR THIRTY-THREE YEARS AFTER NOV. 1, 1987.")

For federal defendants subject to Old §§ 4201-4218, the United States Parole Commission (the "Commission") reserves authority to (a) place a detainer against any parolee who is convicted of another offense committed while under parole supervision; (b) conduct hearings to determine whether conditions of parole have been violated; and/or (c) impose a penalty, including but not limited to reprimand, modification of conditions, or revocation of parole followed by compelled service of an additional federal term of imprisonment. *See* Old § 4214; *accord, e.g.,* 28 U.S.C. § 2.47, § 2.50, & § 2.52. Here, Battle-Bey asserts that the Commission placed a detainer following his state charge and subsequently opted to revoke his parole. (Motion at 2.)

Further, Battle-Bey's request for compassionate release is subject to Old § 4205-not18 U.S.C. § 3582(c). *See* Old §§ 4201-4218. In contrast to § 3582, Old § 4205 does not authorize defendants to file motions for release on their own behalf; a court may reduce a prison sentence only upon a motion by the Bureau of Prisons. *See* 28 C.F.R.

A little over one year later, while still on parole, the State of Minnesota charged Battle-Bey with state homicide offenses. (Def. App. at 44.) On February 11, 1992, a jury convicted Battle-Bey of two counts of second-degree murder. (*Id.* at 45.) Battle-Bey was sentenced to 480 months in state prison. (*Id.* at 44.).[4] Upon completing his state sentence on November 27, 2019, Battle-Bey was taken into federal custody due to his state offense having occurred while he was on federal probation. (*Id.* at 55.) On February 10, 2020, the Commission issued a decision revoking his parole.[5] (Doc. No. 1-1 at 1.) Battle-Bey is currently imprisoned at Pekin FCI in Illinois with a scheduled release date of September 17, 2021. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed August 11, 2020) (defendant listed as "Darwin Battle").

---

§ 572.40 (titled "Compassionate release under 18 U.S.C. 4205(g)" and providing "18 U.S.C. § 4205(g) "was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date"); *see also United States v. Marin-Cifuentes*, Cr. No. 4:87-106 (JNE/FLN), at *3 (D. Minn. Apr. 9, 2020) (finding that the court lacked jurisdiction over compassionate release proceedings for defendant convicted of conduct committed before November 1, 1987 when Bureau of Prisons did not bring motion).

[4] Both Battle-Bey's conviction and sentence were upheld by state appellate courts. *See generally*, *State v. Battle,* No. C6-92-1076, 1993 WL 121269 (Minn. App. Apr. 20, 1993). The appellate decision indicates the offense conduct involved a "confrontation" between Battle-Bey and the victim, which was followed by gunfire and the victim's death. (*Id.* at *1.)

[5] The Commission supported its decision with findings that Battle-Bey had violated the conditions of his previous release when he was in possession of a violent weapon and when he committed murder. (Doc. No. 1-1 at 1-2.) Accordingly, it opted to continue Battle-Bey's imprisonment through the expiration of his sentence. (*Id.* at 2.)

3

On May 26, 2020, Battle-Bey filed a *pro se* motion for compassionate release. (Motion.) Specifically, Battle-Bey requested "time-served" or "compassionate release or home confinement in accordance with 18 U.S.C. § 3553 (f), 18 U.S.C. §3582(C)(1)(a)(b) or, 34 U.S.C. 60541(g)."[6] (*Id.* at 1.) Battle-Bey asserts that he is "64-years old with very poor health problems" including "[h]igh blood pressure, migraine headaches, hypertension, [arthritis] in the neck and spreading to the shoulders, etc." (*Id.* at 2; *see also*, Doc. No. 16 ("Medical Records").) He contends that "[u]nder the Bureau of Prisons guidelines [he] is at great risk for COVID-19." (*Id.*) Battle-Bey's Motion was also grounded in his belief that he has served all required time, and that the Commission's decision to revoke his parole was an attempt "to punish him over again" for his state offense.[7] (Motion at 2.)

On July 5, 2020, Battle-Bey requested compassionate release from the warden at Pekin FCI. (*See* Govt. Opp., Ex. 1.) He stated that he suffered from "COPD [chronic obstructive pulmonary disease], Type II diabetes, high blood pressure, high cholesterol, chronic neck and shoulder pains, chronic migraine headaches, obesity, depression and

---

[6] 18 U.S.C. § 3553 (f) cites to the limitation on applicability of statutory minimums in certain cases. *See* 18 U.S.C. § 3553 (f).

18 U.S.C. §3582(C)(1)(a)(b) cites to modification of an imposed term of imprisonment pursuant to compassionate release. *See* 18 U.S.C. §3582(C)(1)(a)(b).

34 U.S.C. 60541(g) cites to the elderly and family reunification for certain nonviolent offenders pilot program. *See* 34 U.S.C. 60541(g).

[7] Battle-Bey appears to believe that he should have received concurrent state and federal time while incarcerated for his state convictions. (Motion at 2.)

4

anxiety."[8]  (*Id.*)  The warden at Pekin FCI denied Battle-Bey's request on July 29, 2020. (*See* Govt. Opp., Ex. 2.)

Battle-Bey was appointed counsel on July 8, 2020.  (Doc. Nos. 4, 5.)  On July 28, 2020, Battle-Bey's counsel filed a supplemental memorandum in support of Battle-Bey's release.  (*See* Def. Memo.)  Battle-Bey's counsel argues that Battle-Bey's Motion should be construed pursuant to Old F.R.Cr.P. 35.[9]  (Def. Memo. at 10; Reply at 1-6; *see also*, Def. App. at 1-9 ("Old F.R.Cr.P. 35").)  His counsel contends that release pursuant to Old F.R.Cr.P. 35 is appropriate because Battle-Bey filed it within 120 days of the Commission's decision.  (Def. Memo. at 11.)  Moreover, he argues that the COVID-19 pandemic and Battle-Bey's health justify a sentence reduction or modification under Old F.R.Cr.P.35.[10]  (*Id.* at 5-9; Reply at 6-7.).  Battle-Bey's counsel asserts:

---

[8]     Battle-Bey's medical records do not reflect that he suffers from COPD or diabetes. (*See* Medical Records.)

[9]     Battle-Bey's counsel concedes that because Battle-Bey's offense conduct occurred in 1981, the applicable authority for compassionate release is Old § 4205.  (Def. Memo. at 10.)  Notwithstanding, he argues that Old F.R.Cr.P. 35 provides an alternative avenue for relief.  (*Id.*)

[10]    Battle-Bey's counsel argues that Battle-Bey's case mirrors *United States v. Marshall*, Crim. No. 71-101 (E.D. Wisc. May 22, 2020).  (*Id.* at 14-15 (case filed in in Def. App. at 10-13 ("*Marshall*")).)  There, a defendant who pled guilty to bank robbery in 1971 was sentenced to 15 years' imprisonment.  (*Marshall* at 10.)  After being released and while on federal parole, the defendant was convicted and sentenced on a state homicide offense.  (*Id.* at 10-11.)  After being released in 2019, the Commission revoked parole and imposed a revocation prison term.  (*Id.*)  Like here, the defendant requested a sentence reduction pursuant to Old F.R.Cr.P.35.  (*Id.* at 12.)  The court found that because the Commission had failed to consider that the defendant's age and health conditions made him particularly susceptible to COVID-19, and because the time he had already served was sufficient to satisfy his parole violation, a sentence reduction was warranted.  (*Id.* at 12-13.)

> The reality is, when the offense conduct at issue here occurred, [Battle-Bey] was 24 years of age. He is now aged 64 years. As his age has advanced through multiple decades in prison, his health has declined. This is simply not the same man who was sentenced by this Court in 1981. He is now elderly. Now in poor health. And he is now vulnerable in the public health crisis of the day.

(Def. Memo. at 5.) He contends that Battle-Bey has already "paid a steep price" for his conduct "in the form of four decades of imprisonment." (Reply at 6.)

While Battle-Bey's Motion does not cite to Old F.R.Cr.P. 35, his counsel argues that "*pro se* prisoner-litigant submissions must be construed 'liberally,' including the judicial duty to 'recharacterize [the] claim into the correct procedural vehicle for the claim asserted.'" (Def. Memo. at 11 (citing *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014).) The Court agrees.

In addition to citing § 3582(c), Battle-Bey's Motion cited a number of other irrelevant statutes-all ostensibly in pursuit of a sentence reduction or modification. As a *pro se* litigant, the law does not demand that Battle-Bey cite the precise legal vehicle for the sought-after relief. *See, e.g.*, *Spencer*, 774 F.3d at 471. The Court finds that Battle-Bey made a comprehensible request for a sentence reduction or modification. Accordingly, the Court construes Battle-Bey's request liberally and considers his Motion pursuant to Old F.R.Cr.P. 35.

## DISCUSSION

Under Old F.R.Cr.P. 35, a defendant is authorized to move for a reduction in prison sentence. *See* Old F.R.Cr.P. 35. Such a motion is "essentially a plea for leniency," which gives a convicted defendant a second opportunity to present argument

6

to the sentencing court. *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981). A motion pursuant to Old F.R.Cr.P. 35 gives "the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." *Id.* The relevant inquiry is therefore individualized and case-specific, and the ultimate decision lies "within the informed discretion of the district court." *United States v. Kadota,* 757 F.2d 198, 199 (8th Cir. 1985).

> As relevant here, Old F.R.Cr.P. 35 provides:
>
> Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

F.R.Cr.P. 35(b).

Here, the record reflects that the Commission issued its decision revoking Battle-Bey's parole on February 10, 2020. (Def. App. at 50). The Court filed Battle-Bey's Motion on May 26, 2020. (*See* Request.). Because the time interval between February 10 and May 26 is less than 120 days, the Court finds that Battle-Bey's Motion is timely and properly before it.

Notwithstanding, after careful consideration, the Court finds no reason to reduce or modify Battle-Bey's sentence. Specifically, based on the seriousness of the crimes

Battle-Bey committed while he was on federal parole, the Court finds no reason to depart from the Commission's decision to revoke his parole. The Court understands that Battle-Bey has already served significant time behind bars; notwithstanding, the Court does not find the length of his respective sentences, nor the Commission's decision to revoke parole unreasonable or excessive in light of his conduct offenses. Neither the COVID-19 pandemic nor Battle-Bey's specific health concerns alter the Court's conclusion.[11] In short, while the Court recognizes that Battle-Bey is 64 years old and that he suffers from medical conditions including hypertension, the record reflects that he is receiving appropriate medical care at Pekin FCI.[12] (*See* Medical Records at 3, 5, 8-9, 12, 16, 19-20, 30.)

The Court also notes that there are just three active cases of COVID-19 (impacting one inmate and two staff person) at Pekin FCI; no other persons at Pekin FCI have contracted the virus. *See* BOP: COVID-19 Update, https://www.bop.gov/coronavirus/

---

[11] Despite the similarities this case shares with *Marshall*, the *Marshall* defendant was 72 years old, confined to a wheelchair, required an oxygen tank to breath, and suffered from emphysema and diabetes. (*Marshall* at 12.) Here, Battle-Bey is eight years younger with a medical history that does not pose the same risk of severe illness should he contract COVID-19. The relevant inquiry in an Old F.R.Cr.P. 35 motion is individualized and case specific. *Kadota,* 757 F.2d at 199. Therefore, despite some similarities in *Marshall*, the Court finds it distinguishable.

[12] Battle-Bey's Medical Records indicate that inconsistent use of blood pressure medication may cause his blood pressure to fluctuate and recommend medication reinforcement. (*See* Medical Records at 3, 8-9.)

(last accessed August 12, 2020). Moreover, there is no indication that Pekin FCI will be unable to handle an outbreak or accommodate Battle-Bey's specific health concerns.[13]

## CONCLUSION

As a *pro se* litigant, the Court liberally construes Battle-Bey's Motion pursuant to Old F.R.Cr.P.35. For the reasons set forth above, the Court respectfully denies his Motion. In short, the Court finds no reason to depart from the Commission's decision to revoke parole and declines to grant a sentence reduction or modification based on Battle-Bey's concerns related to the COVID-19 pandemic or any other new information.

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise dully advised in the premises, **IT IS HEREBY ORDERED** that Defendant Darwin Ray Battle-Bey's self-styled motion for compassionate release (Doc. No. ([1]) is respectfully **DENIED**.

Date:  August 14, 2020                                    s/Donovan W. Frank
                                                          DONOVAN W. FRANK
                                                          United States District Judge

---

[13]    Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accesses August 12, 2020). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) Current measures also include a 14-day isolation period, and limited group gatherings. *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed August 12, 2020).