# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                               Criminal No. 3:81-38 (DWF)

        Plaintiff,

v.                                                                                                        **ORDER**

Darwin Ray Battle-Bey,

        Defendant.

The Court denied Defendant Darwin Ray Battle-Bey's motion for release on August 14, 2020. (Doc. No. 18.) Battle-Bey now moves for copies of his plea agreement and motion briefing. (Doc. No. 19.) Battle-Bey also moves for reconsideration of the Court's August 14, 2020 Order. (Doc. No. 22.)

Battle-Bey was represented by counsel in bringing his motion for release. (Doc. Nos. 4, 5.) Battle-Bey now wishes to proceed *pro se*. (Doc. Nos. 22, 23.) Battle-Bey asserts Attorney Mohring did not seek an expansion of time to appeal. (Doc. No. 22 at 1.) This is not correct. Battley-Bey, through Attorney Mohring, requested and received an extension of time to file an appeal. (Doc. Nos. 20, 21.) While the Court disagrees with the reasons Battle-Bey provided, it grants Battle-Bey's request. Attorney Andrew Mohring is relieved of his obligations to further represent Battle-Bey with respect to his request to reduce his sentence. Further, Battle-Bey's request for documentation from his attorney is granted to the extent the documents are in Attorney Mohring's possession. (*See* Doc. No. 19.)

Next, Battle-Bey seeks reconsideration of the Court's August 14, 2020 Order. (Doc. No. 22.) Battle-Bey asserts that "[i]nformation that has nothing to do with 'compassionate release' was brought up into my request with regard to a guard in the state prison being killed, which has nothing to do with my health or medical conditions (irrelevancy)." (Doc. No. 22 at 1.) Battle-Bey is mistaken. As the Court noted in the August 14, 2020 Order, a motion under Old F.R.Cr.P. 35 is "essentially a plea for leniency," which gives a convicted defendant a second opportunity to present argument to the sentencing court. *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981). A motion pursuant to Old F.R.Cr.P. 35 gives "the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." *Id.* The relevant inquiry is therefore individualized and case-specific, and the ultimate decision lies "within the informed discretion of the district court." *United States v. Kadota,* 757 F.2d 198, 199 (8th Cir. 1985). Such a motion necessarily encompasses all the information available to the Court, not only Battle-Bey's medical status. It was not error for the Court to look at the whole of Battle-Bey's situation—the seriousness of the crimes committed while on federal parole and his health condition—to render its decision.[1]

---

[1] The same would hold true if the Court were considering Battle-Bey's request under the First Step Act, because the Court first considers whether "extraordinary and compelling reasons" warrant a reduction in a defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)(i). If such "extraordinary and compelling reasons" exist, the Court then considers the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). Thus, similarly to Old F.R.Cr.P. 35, Section 3582(c)(1)(A)(i) permits consideration of a defendant's complete situation.

Battle-Bey also notes that the COVID-19 infections at FCI Pekin have changed. (Doc. No. 22 at 2.) FCI Pekin currently has 99 active cases of COVID-19 among inmates, and 12 active cases among staff. Federal Bureau of Prisons, <u>COVID-19: Coronavirus</u>, *https://www.bop.gov/coronavirus/* (last visited Dec. 1, 2020). While the COVID-19 outbreak at FCI Pekin is concerning, it does not alter the Court's previous decision considering Battle-Bey's actions on federal parole and his current health situation.

Accordingly, based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Defendant Darwin Ray Battle-Bey's Motion to Obtain Copies of Documents (Doc. No. [19]) is **GRANTED**;

2. Defendant Darwin Ray Battle-Bey's Motion Relieving Appoint Counsel of His Duties and Ask this Court for Reconsideration on His Request (Doc. No. [22]) is **GRANTED IN PART** and **DENIED IN PART**. Attorney Andrew Mohring is relieved of his duties as appointed counsel. Battley-Bey's request for reconsideration of the Court's August 14, 2020 Order is denied.

Date:  December 4, 2020                                    s/Donovan W. Frank
                                                                                   DONOVAN W. FRANK
                                                                                   United States District Judge